

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable B. Carl Holder, Secretary
Texas State Board of Dental Examiners
Nixon Building
Corpus Christi, Texas

Dear Sir:

Opinion No. O-3019
Re: Is recordation of a
license to practice
dentistry required
when a dentist has
never actually prac-
ticed in the State
of Texas? Does failure
to record affect such
license?

We are in receipt of your letter wherein you state
the following:

"Dr. Andries Menzo Strauss has for-
warded me his application for registration
as a duly licensed dentist under the laws
of the State of Texas. Dr. Strauss is a
citizen of the State of Michigan having
resided there for the past twelve odd
years, however the Texas State Board of
Dental Examiners on December 8, 1929 grant-
ed Dr. Strauss license No. 3771 to prac-
tice dentistry in the State of Texas, said
license containing the usual provisions
that the said Dr. Strauss had been duly
examined by said Board and had found him
qualified to practice dentistry and author-
izing the said Dr. Strauss 'to so practice
Dental Surgery and Dentistry in any County
in the State of Texas in which this license
is recorded.'

"* * * Dr. Strauss secured his license
as above set out in 1929 and has never re-
corded his license in any county in the

State of Texas, for upon securing said li-
cense Dr. Strauss returned to Michigan where
he has practiced dentistry since.

"* * *.

"I am, however, faced with the difficulty
of determining whether or not the license grant-
ed to Dr. Strauss in 1929 is still valid in
view of the fact that same was never recorded
in the office of the clerk of any county in
Texas. Is such recordation required where a
dentist has never actually practiced in the
State of Texas, under the wording of the 1919
and the 1935 laws that such license shall be
presented to the county clerk for recordation
'before beginning the practice of dentistry in
any place in this State?'"

The Constitution of the State of Texas provides that
"the Legislature may pass laws prescribing qualifications of
practitioners of medicine in this State, and to punish persons
for malpractice * * *." Pursuant to its inherent powers and
the authorities expressly or impliedly conferred, the Legisla-
ture has enacted license regulations relating to medicine,
dentistry, optometry, and other similar professions. In
order to more efficiently safeguard the lives and well being
of its citizens the Legislature has not only set up standards
and requirements for preparation and practice, but has estab-
lished Boards of Examiners composed of professional men to
administer the laws in regard to the practice of a particular
profession.

Article 4546, Revised Civil Statutes of Texas, as
amended, which with the exception of minor changes in language
is the same as Section 9 of House Bill No. 1, Acts of the 36th
Legislature, reads as follows:

"Every person to whom a license is issued
by the State Board of Dental Examiners shall,
before beginning the practice of dentistry at
any place in this State, present the same to
the County Clerk of the county in which he
resides and offers to practice, and to the
County Clerk of each and every other county
in which he may practice or offer to practice;

said County Clerk shall record said license
in a book provided for the purpose, and re-
ceive fifty (50¢) cents therefor. Absence
of the record of such license in any place
where such license is hereby required to
be recorded shall be prima facie evidence
in any court of this State of the want of
possession of such license. Acts 1919, p.
50; Acts 1935, 44th Leg., p. 605, ch. 244,
§5."

The apparent intent of the Legislature in requiring
this recordation of license is not primarily to protect the
dentist or to preserve a record of the license, but to protect
the public and to give to the citizens of this State a con-
venient and acceptable means of determining the status of the
practicing dentist in their county. The last sentence in this
Article bears out this interpretation when it states that
absence of such record is prima facie evidence of want of pos-
session of such license. We would point out in this regard
if it is only prima facie evidence thus subject to contrary
proof there must be other means by which a dentist could estab-
lish and prove his license. In this connection we should also
analyze Article 4547, Revised Civil Statutes of Texas, which
reads as follows:

"* * *. No person shall be required to
surrender an old license for a new one unless
he so desires. If any license issued under
this or any former law in Texas shall be lost
or destroyed, the holder of said license may
present his application to the board for a
duplicate license together with his affidavit
of such loss or destruction and that he is
the same person to whom said license was is-
sued, and shall be granted a license under
this law. If the records of said board fail
to show that such person was ever licensed,
the board may exercise its discretion in
granting said duplicate license."

Reading these two articles together we arrive at the
conclusion that the files of the Board of Dental Examiners are
in reality the true and guiding records. Since the Dental li-
censing statutes do not set up a time limit or require a re-
examination, a license once properly secured and issued would
exist during the life of the practitioner unless he violated

Honorable B. Carl Holder, Page 4

some law in regard to the practice of dentistry or the law itself was changed.

Under the facts as you state them, it was not necessary for Dr. Strauss to record his license as he did not practice in Texas and if that license according to the records of your Board was properly secured and issued, it is still in good standing. We feel however that we should point out that if Dr. Strauss is going to practice dentistry in Texas, he should comply with the law and record his license in the proper county.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED APR 16, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Frederik B. Isely
Assistant

FBI:RS



APPROVED
OPINION
COMMITTEE

BY

CHAIRMAN